MARY REGO PONTES *vs.* UNITED ELECTRIC RAILWAYS CO.

JANUARY 29, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

140

PER CURIAM. This is an action for alleged negligence to recover for personal injuries. After trial in the Superior Court the jury returned a verdict for the plaintiff. The case is before this court on defendant's exceptions.

November 14, 1930, about 8:30 o'clock p. m., a collision occurred in West Warwick between defendant's motor bus and an automobile owned and operated by plaintiff's husband. Plaintiff was seated at the right of her husband. The collision occurred on Main street at its intersection by Pleasant street. The bus was going easterly on Main street and the automobile was entering Main street on its southerly side from Pleasant street.

When denying defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence, the trial justice said: "If the plaintiff had been the operator of the automobile, there might arise a serious question of contributory negligence in the mind of one who had a view of the location, such as the court and jury had." Defendant urges its exception to this decision of the trial justice. At this time it is unnecessary to consider this exception because we are constrained to order a new trial upon the following ground.

Testimony upon the important issue of liability was given by plaintiff's husband and the operator of the bus. Their testimony was conflicting as to which of the vehicles was moving at the time of the collision and which ran into the other. Plaintiff's attorney, when cross-examining the operator of the bus, asked if he still worked for the company; the reply was "no." The attorney then asked:

"Did you get through because of carelessness in operating a bus?" and the witness answered: "No, sir." Defendant's attorney objected and the court sustained the objection. A discussion then ensued in the presence of the jury between the trial justice and plaintiff's attorney, in which the latter argued that anything that would tend to show the driver of the bus to have been incompetent on another occasion would be proper evidence for the jury to consider in determining whether the driver was careless on the night of the accident. The trial justice adhered to his ruling that such evidence was inadmissible and noted plaintiff's exception. Defendant's attorney then moved that the case be taken from the jury and passed on account of the improper question and argument of plaintiff's attorney. The motion was denied and defendant's exception noted. The exception must be sustained.

It is elementary that the evidence must correspond with the allegations and be confined to the point in issue. The only breach of duty alleged in the declaration was that defendant's driver so negligently operated the bus that it ran into the automobile in which plaintiff was riding. Plaintiff must prove the particular negligence alleged. *Kelly* v. *Davis*, 48 R. I. 94. He cannot prove it by showing facts connected with other accidents as they are merely *res inter alios* and would raise collateral issues. *Agulino* v. *N. Y., N. H. & H. R. R. Co.*, 21 R. I. 263; 22 C. J. 744; 45 C. J. 1246.

The question to which objection was made was improper and should not have been asked. Plaintiff's attorney should have accepted without argument the court's ruling excluding the question. 64 C. J. 742. If he had done so, in view of the negative answer of the witness the question might be held to be non-prejudicial. It would be otherwise if the answer had been in the affirmative. The assertion by plaintiff's attorney, that in determining the negligence of the driver of the motor bus the jury had a right to consider anything tending to show he had been negligent on another

occasion, is contrary to the settled rules of evidence and infringed defendant's right to a fair trial according to these rules. The case was a close one upon the question of liability and in our opinion the effect of the prejudicial statement was not removed from the minds of the jurors by the instruction of the trial justice to disregard it.

Defendant's third exception is sustained. The case is remitted to the Superior Court for a new trial.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.