BENJAMIN B. YORK *vs.* FRED VENTILATO.

FEBRUARY 13, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case for negligence. In the superior court a jury returned a verdict for the plaintiff in the sum of $244.40 and after the trial justice had denied defendant's motion for a new trial he duly prosecuted his bill of exceptions to this court. The bill contains a number of exceptions but only the second, third, sixth, seventh and eighth are now pressed. The remaining exceptions having been neither briefed nor argued are deemed to be waived.

The evidence discloses that in the early morning of March 25, 1951 plaintiff was returning from his work in Groton in the state of Connecticut to his home in Westerly in this state. He was alone and was driving his three-quarter-ton truck in an easterly direction on West Broad street in the village of Pawcatuck, Connecticut, just prior to crossing the state line into Rhode Island. At that time defendant, who had been in Norwich, Connecticut, was operating his automobile in the opposite or westerly direction on said street. A young woman was riding in the automobile with him. In some manner, the evidence on the point being sharply conflicting, the vehicles collided, the front of the truck and the right side of the automobile being considerably damaged. The plaintiff seeks to recover for property damages only.

The second and third exceptions may be considered together. While defendant was being cross-examined the trial

justice permitted him to be asked the following questions over his objection: "Q. Where did you go after the accident?" and "Q. Did you go to the police booth?" The answer to the first of these questions in substance was that the witness went home and to the second question that he "certainly did." These questions referred to the conduct and movements of the witness very soon after the accident happened and apparently were intended to test his credibility on some of his direct testimony on that point.

The trial justice is given reasonable discretion in allowing a witness to be cross-examined having in mind the scope of the direct examination, although the trial justice should be careful not to permit cross-examination to exceed the reasonable bounds of the direct examination. In our judgment such discretion was not abused in the present instance in view of the facts that defendant, one of the parties to the action, was being questioned and also that the jury was cautioned as to the extent they should consider such examination. We find that the two exceptions under consideration are without merit and they are overruled.

The sixth and seventh exceptions raise the same general question and they are treated together. The trial justice denied defendant's motion to strike out the only count in the declaration and that ruling is the basis of the sixth exception. The other exception is to the refusal of the trial justice to direct a verdict for defendant. In support of his contentions he argues in substance that the allegations of negligence in the declaration are not supported by the evidence; and that there is a variance between the declaration and the evidence introduced in support thereof.

The declaration which contains only one count was not demurred to. After alleging therein the general duty of defendant to plaintiff in respect to the operation of the automobile, the breach of that duty is set out in the following language: "* * * yet the said defendant did not regard his duty in that behalf, but on the contrary thereof, did then and there fail to keep said motor vehicle operated by

him, on the proper side of said highway, thereby causing the motor vehicle operated by him to collide with the automobile operated by the said plaintiff * * *."

In support of his above motions defendant argues in substance that plantiff's evidence did not sustain his allegation that defendant had failed to keep his motor vehicle on the proper side of the highway. To determine the soundness of that argument, a reference is required to the evidence bearing upon the place in the highway where the accident occurred and the manner in which it happened. The evidence on those points appears to be contradictory and somewhat confusing and indefinite. No map or drawing of the pertinent layout of the highways involved was introduced as an exhibit. However, the trial justice and the jury took a view so that they might better understand the testimony.

In general it is defendant's contention that he was proceeding in a westerly direction on West Broad street keeping to his right but intending to turn to his left and go directly across said highway in order to enter Mechanic street, which ran in a southerly direction from West Broad street close to an underpass on the last-named highway. Traffic islands, so called, the exact location of which are not accurately described, are referred to in the testimony. The defendant testified that after turning left and before crossing West Broad street to go down Mechanic street, he stopped his automobile to let another car pass in front of him; that he looked and saw no traffic approaching; and that he then proceeded slowly across West Broad street. When about to enter Mechanic street his automobile was struck "midship" by plaintiff's truck which the young woman occupant of defendant's car testified was coming very fast toward Westerly.

On the other hand plaintiff testified that he drove his truck in an easterly direction on West Broad street, between fifteen and twenty miles an hour, through an underpass which had what he termed "a blind abutment" and which

defendant referred to as a blind pillar. The plaintiff further testified that he saw defendant's car and stopped about a truck length from it; that defendant in attempting to drive his car in front of plaintiff's truck while it was stationary caught the right rear wheel of his car into the front bumper of the truck and pulled it around in such a manner that one of the fenders on the truck was damaged. A witness who testified for plaintiff and who was driving a car close behind him at the time stated that "York had a collision with a car coming from somewhere and across his bow, and that was it. He stopped dead in front of me. I could see another car ahead of his. Where it came from is pretty hard to say because of the underpass."

Upon consideration we are of the opinion that the trial justice did not err in denying defendant's motions. The declaration is inartistically drawn and the breach of duty, that is, failure to operate on the "proper side of said highway" is possibly open to more than one meaning. But defendant neither filed a demurrer nor asked for a bill of particulars, and for the purpose of these motions the declaration should be construed in the light of the facts of the case. It is a fair inference that plaintiff in thus describing defendant's actions was referring to his attempt to cross in front of plaintiff's truck in the lane of West Broad street upon which the truck was approaching, thus amounting to an allegation that defendant at the time of the collision was driving on a side or portion of the highway where in the existing circumstances he should not have been. As thus construed it is our opinion that there was evidence supporting the declaration and that there was no variance between the pleadings and the proof. Therefore there was no error in denying these motions. The defendant's sixth and seventh exceptions are overruled.

The eighth exception is to the ruling of the trial justice denying defendant's motion to take the case from the jury and pass it. This motion was based on his contention that plaintiff's attorney had made an improper and preju-

dicial argument to the jury in relation to the fact that after the accident plaintiff went home, whereas the evidence showed that defendant by request went to the police booth. According to the transcript the motion was made at the conclusion of both arguments and just prior to the charge of the court, the jury having been temporarily excused. The trial justice, while intimating that it was the duty of defendant to make his motion as soon as the alleged prejudicial argument was made and not to wait until it was concluded, observed: "On the whole, the Court does not believe the statement by the attorney, if it was as stated, the Court does not believe it is such a statement as would justify the Court in taking the case from the jury and passing it." He then denied the motion, noting defendant's exception to the ruling.

Evidently as a precautionary measure, however, the trial justice remarked that he would instruct the jury to disregard the reference which the attorney had made. Thereafter in his charge, among other things, he cautioned the jury that arguments of counsel were not evidence and that their only purpose was to recall to the minds of the jury important and salient points which counsel desired them to consider and upon which the verdict might depend. He also instructed the jury that they were judges of the facts and that the court was the judge of the law. No exception was taken to that part of the charge and defendant made no request that the jury be charged in a more particular manner on the question under consideration.

It is clear that the trial justice in making his ruling on defendant's motion was of the opinion that the portion of the attorney's argument complained of was not of such a nature and was not in itself so prejudicial to defendant as to require the court to take the case from the jury and pass it. He was presiding at the trial and his decision on such a motion is entitled to weight in this court, especially where the record as here does not show the exact remark of plaintiff's attorney. In the circumstances and after consideration

we cannot say that the ruling of the trial justice was clearly erroneous and prejudicial. The eighth exception is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*William H. Leslie, Jr.,* for plaintiff.

*Edward M. Botelle, George Ajootian,* for defendant.