230 A.2d 883.

BARBARA FARGNOLI, *p.a. vs.* ALBERT CECIL *et ux.*
JOSEPH FARGNOLI *vs.* ALBERT CECIL *et ux.*

JUNE 28, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   These are two civil actions brought pursuant to the provisions of G. L. 1956, §4-13-16, to recover for personal injuries and for medical expenses incurred as a result of an attack by a dog upon the plaintiff Barbara Fargnoli, minor child of the plaintiff Joseph Fargnoli.   The actions were tried to a justice of the superior court sitting with a jury.   At the conclusion of the introduction of evidence and while the plaintiffs' counsel was arguing to the jury, the defendants' counsel objected to certain comment made in the course thereof.   The trial justice immediately gave the jury a cautionary instruction to disregard such remarks.   However, at the conclusion of argument, he heard further argument on the defendants' motion to declare mistrial on the ground that the prejudice inhering in the comment could not be cured by any cautionary instruction. The trial justice denied the motion to pass the case and submitted it to the jury.

The jury thereafter returned a verdict for the minor plaintiff in the amount of $5,000 and a verdict for consequential damages for the plaintiff father in the amount of $1,500. A motion for a new trial was made by defendants in each case. This motion in the case of the minor plaintiff was denied, but in the case of the plaintiff father a new trial was granted conditionally subject to the filing by plaintiff of a remittitur in the amount of $388.70. Such a remittitur was timely filed: The defendants are now in this court prosecuting their appeals from the denial of their motions for mistrial and the denial of their motion for a new trial in each case.

We agree with counsel for defendants that the only issue here is raised by their exceptions to the denial of their motions to pass, and that is whether the trial justice was in error in holding that his cautionary instruction to the jury to disregard the comment of plaintiffs' counsel sufficiently purged the comment of its prejudicial character. It is clear that if invincible prejudice inhered in the remarks of plaintiffs' counsel, defendants had the right to have the case taken from the jury in order to avoid an infringement of their right to a fair and impartial trial. The question is then whether the prejudice, if any, inhering in the comment was neutralized by the cautionary instruction given the jury at the time defendants' counsel raised objection.

The record discloses that plaintiffs' counsel, while summing up for the jury, was interrupted by defendants' counsel, who objected to the remarks that he had just addressed to the jury. These remarks do not appear in the record, but, as they are summarized in defendants' brief, plaintiffs' attorney "* * * had deliberately invited liability on the Defendant wife and alleged that the purpose thereby was to invite a verdict against the wife alone, because she was not the head of the household; he further called to the attention of the jury that the Defendant husband was the

'breadwinner,' and that if a judgment was obtained against the Defendant wife and the Defendant wife alone, the Plaintiffs would have a great deal of trouble obtaining satisfaction on such a judgment."

We would say parenthetically that we find it difficult to perceive that the remarks made by plaintiffs' counsel in the context of the case were inherently prejudicial to defendants. If we assume, however, without deciding that in the context in which they were made the remarks were prejudicial, it is our opinion that such prejudice was neutralized by the cautionary instruction of the trial justice given the jurors immediately after objection to the remarks had been made.

The defendants rely primarily on *Pontes* v. *United Electric Rys.*, 54 R. I. 139, 170 A. 674, which they contend lays down the rule that "Where a case is close on the question of liability, the effect of a prejudicial statement is not removed from the minds of the jurors, by the instruction of the Court to disregard it." This, however, is not precisely the rule stated in that case. It is clear when the case is examined that the court was dealing with that case on the facts therein contained. What the court actually held was: "The case was a close one upon the question of liability and in our opinion the effect of the prejudicial statement was not removed from the minds of the jurors by the instruction of the trial justice to disregard it." This was, in our opinion, an ad hoc ruling, and we can hardly agree that the court, by the language used, intended to establish a rule of law of general application based on so vague a standard as "* * * a close one upon the question of liability."

An examination of *Pontes* discloses that the remarks upon which the claim of prejudice rested were made by the plaintiff's attorney in the presence of the jury as he persisted in arguing that certain evidence of the defendant's prior conduct was admissible even after the court had ruled that

such evidence was inadmissible. At page 141, *supra,* 170 A. at 674, we said: "Plaintiff's attorney should have accepted without argument the court's ruling excluding the question. * * * If he had done so, in view of the negative answer of the witness the question might be held to be nonprejudicial." In short, the court held that the invincible prejudice disclosed by the facts in *Pontes* was a result of the plaintiff's persistence in contending that the excluded evidence was in fact admissible in the presence of the jury.

The facts in this case, in our opinion, call for an application of the rule laid down by this court in *York* v. *Ventilato,* 80 R. I. 192, 94 A.2d 820. In that case the plaintiff's attorney in an action for negligence stated, in summing up for the jury, that after the accident had occurred, the plaintiff went home, while the defendant "* * * by request went to the police booth." The defendant moved to pass the case on the basis of the prejudice inhering in such a comment. The court denied this motion to pass, and this court held that no error inhered in this denial of the motion. This court said, *supra,* at page 197, 94 A.2d at 823: "It is clear that the trial justice in making his ruling on defendant's motion was of the opinion that the portion of the attorney's argument complained of was not of such a nature and was not in itself so prejudicial to defendant as to require the court to take the case from the jury and pass it. He was presiding at the trial and his decision on such a motion is entitled to weight in this court, especially where the record as here does not show the exact remark of plaintiff's attorney."

It is our opinion then that the language quoted from *York* v. *Ventilato, supra,* reflects the rule applicable to these cases in general. When a trial justice, who heard the comment alleged to be prejudicial, determines that it either did or did not prejudice the adversary party or that, if prejudice did inhere therein, it was cured by an adequate and

appropriate instruction given by him to the jury, his decision on the motion to pass will be given substantial weight by this court on review and will not be reversed unless clearly wrong.

In the instant case the court heard the comment made and was cognizant of the circumstances in which it was made. It is clear that he deemed it sufficient to neutralize the prejudice to instruct the jury immediately, as he did, to disregard the comment, that they were to decide the case on the evidence adduced through the witnesses, and that the ability to satisfy a judgment was a matter of no concern to the jury. In the circumstances we think that the rule stated in *York* v. *Ventilato, supra,* is applicable, and we find no error in the action of the trial justice.

Because the defendants in their brief expressly state that the ground of their motion for a new trial was "* * * primarily based upon the Trial Justice's refusal to declare a mistrial," there is no necessity for discussing that exception.

The appeals of the defendants are denied, and the judgments appealed from are affirmed.

*Temkin, Merolla & Zurier, Amedeo C. Merolla,* for plaintiffs.

*John A. Mutter,* for defendants.